**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF PUERTO RICO**

IN RE:

| | |
|---|---|
| JUAN AMBROSIO LAMEIRO AGUAYO | CASE NO. 14-03825-EAG11 |
| SONIA CARO ESTERAS | CHAPTER 11 |
| DEBTORS | Small Business Case |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**JUAN AMBROSIO LAMEIRO AGUAYO & SONIA CARO ESTERAS' SECOND AMENDED PLAN OF REORGANIZATION, DATED MARCH 30, 2015**

**ARTICLE I**

**SUMMARY**

This Second Amended Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of Juan Ambrosio Lameiro Aguayo & Sonia Caro Esteras (the "Debtor") from the operations of a health care business.

This Plan provides for two classes of secured claims (Class 1 and 1.2); ~~three~~ one ~~classes~~ class of general unsecured claims (Class 3~~.1, 3.2 and 3.3~~); and one class of equity security holders (Class 4). General Unsecured creditors holding allowed claims will not receive distributions, ~~which the proponent of this Plan has valued at approximately 30 cents on the dollar~~. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

**Juan Ambrosio Lameiro Aguayo & Sonia Caro Esteras**
**Case No. 14-03825-EAG-11**
**Second Amended Plan of Reorganization**
**Page 2**

# ARTICLE II

## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01 Class 1.1    The claim of Banco Popular de PR, CRIM, Coop A/C Mayagüez, to the extent allowed as a secured claim under §506 of the Code.

2.01(a) Class 1.2.    The claim of Banco Popular de PR, to the extent allowed as a secured claim under §506 of the Code.

2.02 Class 2.1    Convenience Class. Priority Claim under §507 of the Code under $500.00.

2.03 Class 2.2    All allowed claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2), and priority tax claims under § 507(a)(8)).

2.04 Class 3    General Unsecured claims and allowed under § 502 of the Code.

2.05 Class 4.    The interests of the individual Debtor in property of the estate.

# ARTICLE III

## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

## U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    Unclassified Claims. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code (legal and accounting fees upon approval of the Court) will be paid in full on the effective date of this Plan (as defined in Article VIII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03    Priority Tax Claims. Each holder of a priority tax claim will be paid consistently with § 1129(a)(9)(C) of the Code, in monthly cash installments, equal to the allowed amount of its claim, plus 3.25% yearly interest over a period ending before the statutory five (5) year period from the date of filing of the captioned petition, unless the holder agrees otherwise explicitly by a stipulation or voting to approve the Plan or agrees implicitly by failing to object implying agreement or consent to the proposed treatment under the plan.

The following chart lists the Debtor's estimated § 507(a)(8) priority tax claims and their proposed treatment under the Plan:

Case:14-03825-EAG11 Doc#:82 Filed:03/30/15 Entered:03/30/15 08:14:58 Desc: Main
Document Page 3 of 8

**Juan Ambrosio Lameiro Aguayo & Sonia Caro Esteras**
**Case No. 14-03825-EAG-11**
**Second Amended Plan of Reorganization**
**Page 3**

| **Description** | **Amount Owed** | **Date** | **Treatment** |
|---|---|---|---|
| Internal Revenue Service Claim #4 <u>as amended</u>. Priority Portion | $87,981.00 | <u>2009</u>-2013 | Pmt interval = each month<br>Monthly payment = <u>$1,345.00</u><br>Begin date = <u>Jun</u> 2015<br>End date = <u>May 2021</u><br>Interest Rate % = 3.25%<br>Total Payout Amount = $96,840.00<br>100% + 3.25% interest per annum.<br>Unless an agreement is reached. |
| Dept. of Treasury Claim #11 Priority Portion | $90,850.48 | 2009-2013 | Pmt interval = each month<br>Monthly payment = <u>$1,391.00</u><br>Begin date = <u>Jun</u> 2015<br>End date = <u>May 2021</u><br>Interest Rate % = 3.25%<br>Total Payout Amount = $100,152.00<br>100% + 3.25% interest per annum.<br>Unless an agreement is reached. |

3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid in full as they become due.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| **Class** | **Impairment** | **Treatment** |
|---|---|---|
| **Class 1.1** - Secured Claims of:<br><br>**Banco Popular de PR**<br>Claim #6<br>Collateral description = House in Vista Verde, Mayagüez, PR, <u>with Mortgage Note of $225,000.00</u>; and Apt. in Villa Taína, Cabo Rojo, PR, <u>with Mortgage Notes of $60,000.00; $100,000.00 and $25,000.00.</u><br>Allowed Secured Amount = | Impaired | Debtors' agree the Lift of Stay for this claim in favor of Banco Popular de Puerto Rico. |

**Juan Ambrosio Lameiro Aguayo & Sonia Caro Esteras**
**Case No. 14-03825-EAG-11**
**Second Amended Plan of Reorganization**
**Page 4**

| | | |
|---|---|---|
| $335,000.00. Unsecured Portion= Class 3 $226,661.56. Priority of lien = Mortgage Loan. Total claim = **$561,661.56** | | |
| **CRIM** Claim #5 Collateral description = House in Vista Verde, Mayagüez, PR, or Tanamá, Arecibo. Allowed Secured Amount = $13,253.12 Unsecured Portion= Class 3 $4,338.98 Priority of lien = Real Property Taxes Total claim = $**17,592.10** | Impaired | Debtor's agree the Lift of Stay for this claim. |
| **Coop A/C Mayagüez** Claim #9 Total claim= **$11,305.20** Collateral= Shares $1,550.50 Unsecured portion= $9,754.70 Class 3 | Impaired | Debtor's agree the Lift of Stay for this claim. |
| **Class 1.2** – Secured Claim of: | | |
| **Banco Popular de PR** Claim #10 Collateral description= Apartment Isleta Marina Allowed secured amount= $10,776.46 Priority of Lien= Mortgage, Escrow debt. | Unimpaired | Creditor will be paid directly until paid off. |

**Juan Ambrosio Lameiro Aguayo & Sonia Caro Esteras**
**Case No. 14-03825-EAG-11**
**Second Amended Plan of Reorganization**
**Page 5**

| | | |
|---|---|---|
| **Class 2.1** – Convenience Class. Priority Unsecured Claim of: <br><br> **State Insurance Fund** Claim #7 Priority Portion Amount $ 440.35 | Unimpaired | One payment in full on effective date. <br> Date = June 2015 <br> Total Payout = 100% |
| **Class 2.2** – Priority Unsecured Claim of: <br> **Municipio de San Germán** Claim #12 Amount $7,646.00 | Unimpaired | Pmt interval= $162.69 each month for 47 months. <br> Begin date= Jun 2015 <br> End date = Apr 2019 <br> Total Payout= 100% |
| Class 3 - General Unsecured Claims: <br><br> **State Insurance Fund** Claim # 7 Unsec. Portion $350.38 <br> **American Express TRS** Claim #8 $8,380.91 <br> **Banco Popular de PR** Claim #3 $9,291.25 <br> **PR Acquisitions** Claim #1 $4,453.11 <br> **Coop A/C Mayaguez** Claim #9 $9,754.70 <br> **Banco Santander de PR** Claim #2 $20,663.29 | Impaired | Class 3 claimant will not receive any cash dividend throughout this plan. |

Case:14-03825-EAG11 Doc#:82 Filed:03/30/15 Entered:03/30/15 08:14:58 Desc: Main
Document Page 6 of 8

Juan Ambrosio Lameiro Aguayo & Sonia Caro Esteras
Case No. 14-03825-EAG-11
Second Amended Plan of Reorganization
Page 6

| | | |
|---|---|---|
| **Dept of Treasury** "Hacienda" Claim #11 $144,234.79 **Banco Popular de PR** Claim #6 Unsec. Portion $226,661.56 **Internal Revenue Service** Claim #4 Unsec. Portion $81,510.15 **CRIM** Claim #5 Unsec. Portion $4,338.98 | | |
| Class 4 - Equity Security Holders of the Debtor | Impaired | Will receive no cash |

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02    Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03    Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

**Juan Ambrosio Lameiro Aguayo & Sonia Caro Esteras**
**Case No. 14-03825-EAG-11**
**Second Amended Plan of Reorganization**
**Page 7**

# ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the "effective date of this Plan as provided in Article VIII,":

Rent of Office Space with Landlord René Acosta.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the "effective date of this Plan,". A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than ten (10) days after the date of the order confirming this Plan.

# ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

The Plan will be implemented as required by the Bankruptcy Code. Payments and distributions under the Plan will be funded by the daily operations of the health care business.

# ARTICLE VIII

## GENERAL PROVISIONS

8.01    Definitions and Rules of Construction. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.02    Effective Date of Plan. The effective date of this Plan is the first business day following the date that is fourteen days after the entry of the order of confirmation. If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.03    Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

Juan Ambrosio Lameiro Aguayo & Sonia Caro Esteras
Case No. 14-03825-EAG-11
Second Amended Plan of Reorganization
Page 8

8.04   Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.05   Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.06   Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Puerto Rico govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX

## DISCHARGE

Discharge. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

Respectfully submitted,

S/ *JUAN AMBROSIO LAMEIRO AGUAYO*
S/ *SONIA CARO ESTERAS*
Debtors In Possession
P.O. Box 6723
MAYAGUEZ PR 00682
TEL: 787-224-1521
E-mail: sonia.e.caro@gmail.com

Attorney for the Plan Proponent
S/ *ANGEL MIGUEL ROMAN ONGAY*
ANGEL MIGUEL ROMAN ONGAY, ESQ.
Attorney for Debtors
USDC 212202
B-45  EXT  LA CONCEPCION
CABO ROJO  PR 00623
TEL: 787-265-8270
E-mail: mitchroman@hotmail.com